IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

**MICHAEL DANIEL BOWMAN,**

> **Plaintiff,**

**v.**                                                         **Civil Action No.  1:19cv172**
                                                               **(Judge Kleeh)**

**MARK D. PANEPINTO and**
**PANEPINTO LAW OFFICE,**

> **Defendant.**

## REPORT AND RECOMMENDATION

On September 6, 2019, the *pro se* Plaintiff, an inmate at Mt. Olive Correctional Complex ("MOCC") in Mt. Olive, West Virginia, initiated this case by filing a civil rights complaint pursuant to 42 U.S.C. §1983. ECF No. 1. With his complaint, Bowman filed a motion for leave to file excess pages and a motion to proceed as a pauper with supporting documents. ECF Nos. 2, 3, 4, 5.  By separate Orders entered September 17, 2019, the Plaintiff was granted permission to proceed as a pauper and directed to pay an initial partial filing fee ("IPFF") and his motion for leave to file excess pages was granted. ECF Nos. 8, 9.  On September 27, 2019, Plaintiff filed a Motion of Joinder, seeking to join the instant case with a later-filed case alleging related claims against other individuals.[1] ECF No. 11. On October 16, 2019, Petitioner paid the IPFF. ECF No. 13.

This case is before the undersigned for a preliminary review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure ("LR PL P") 2.

---

[1] See Bowman v. Marshall County Commission, *et al.*, Case No. 5:19cv255, recommended for dismissal as frivolous under Heck v. Humphrey, 512 U.S. 477 (1994) in a September 25, 2019 Report and Recommendation ("R&R"). By Order Adopting R&R, entered on October 16, 2019, the case was dismissed.

## I. **Background**[2]

On November 10, 2015, the Marshall County, West Virginia Grand Jury returned two indictments charging the Plaintiff with committing various sex crimes. The indictment in case number 15-F-59 charged the Plaintiff with four counts of sexual abuse by a parent, guardian, custodian or person in a position of trust; two counts of first-degree sexual abuse; two counts of first-degree sexual assault; and one count of child abuse resulting in bodily injury by a parent, guardian or custodian. These charges identified E.W. as the victim. In a second indictment, case number 15-F-60, where the victim was identified as H.S., the Plaintiff was charged with three counts of first-degree sexual abuse and one count of second-degree sexual assault.

On June 3, 2016, the circuit court consolidated the two cases for trial; trial began on May 19, 2017. During trial, the State clarified its intent to dismiss four counts: two sexual abuse by a parent, guardian or custodian charges; one first-degree sexual abuse charge; and one first-degree sexual assault charge. The Plaintiff argued for a mistrial, claiming that the jury was tainted by the State's opening statement, which included references to the now-dismissed charges. The trial court declined to grant a mistrial.

At the conclusion of trial, with respect to the remaining charges concerning E.W., the jury found the Plaintiff guilty of one count each of sexual abuse by a custodian, first-degree sexual abuse, and first degree sexual assault. Plaintiff was acquitted of one count of sexual abuse by a custodian and the count of child abuse resulting in bodily injury. With respect to the charges concerning H.S., the jury found the Plaintiff guilty of two counts of first-degree sexual abuse and acquitted him of the remaining first-degree sexual abuse and second-degree sexual assault counts.

---

[2] The details regarding Plaintiff's underlying criminal convictions are set forth in the WVSCA's memorandum decision on Plaintiff's direct appeal. State v. Bowman, 2018 W.Va. LEXIS 777 (W.Va. Nov. 21, 2018).

On July 5, 2017, the parties appeared for sentencing. Plaintiff was sentenced to consecutive terms of incarceration that resulted in an effective sentence of not less than twenty-eight nor more than seventy years.

Thereafter, through counsel, Plaintiff filed a direct appeal, raising one assignment of error, specifically, that the circuit court should have declared a mistrial when the State dismissed the counts midway through its case. On November 21, 2018, the West Virginia Supreme Court of Appeals ("WVSCA") affirmed the Marshall County Circuit Court's sentencing order. On December 17, 2018, the Plaintiff filed a petition for writ of habeas corpus,[3] which remains pending in the Circuit Court of Marshall County.

## II.   The Complaint

In his complaint, Plaintiff alleges that the Defendant, who served as Plaintiff's trial counsel during his underlying criminal prosecution, conspired with the Marshall County prosecutors Rhonda Wade and Joseph Canestraro, to conceal the fact that the grand jury foreperson was not the individual who signed Plaintiff's indictments, and that it was some other person, likely one of the prosecutors, who actually initialed those indictments. Further Plaintiff alleges that Defendant conspired with the prosecutors to suppress and conceal the forged indictments and exculpatory evidence, with the intention of depriving Plaintiff of his right to a fair trial.

Plaintiff attaches a copy of an August 16, 2019 Report and Recommendation ("R&R") entered in this Court in a prior iteration of this case, Case No. 5:16cv231.[4]  ECF No. 1-1 at 6 – 10.

---

[3] Plaintiff's pending habeas case number in the Marshall County Circuit Court is 18-C-264.

[4] That case was filed as a legal malpractice claim against the same defendant Plaintiff names here, and was dismissed without prejudice as frivolous and for lack of subject matter jurisdiction in a September 13, 2019 Memorandum Opinion and Order Affirming and Adopting Report and Recommendation of Magistrate Judge.  See Bowman v. Panepinto, Case No. 5:16cv231, ECF No. 10.  It is clear from the record that Plaintiff did not file any objections to the R&R in that case. It is also apparent from the record of that case and the instant one, that Plaintiff did not even wait until the R&R was adopted in that case before initiating this case, eighteen days after he received a copy of that

As relief, Plaintiff seeks $150,000.00 in damages for the "deprivation of Constitutional Rights."  ECF No. 1 at 15.

### III. Standard of Review

Because the Plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious.  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  However, the Court must read *pro se* allegations in a liberal fashion.  Haines v. Kerner, 404 U.S. 519, 520 (1972).   A complaint which fails to state a claim is not automatically frivolous.  See Neitzke at 328.  Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[5] or when the claims rely on factual allegations which are "clearly baseless."  Denton v. Hernandez, 504 U.S. 25, 32 (1992).  This includes claims in which the plaintiff has little or no chance of success.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

### IV. Analysis

### A. Frivolity Dismissals

---

R&R [see Case No. 5:16cv231, ECF No. 9], by filing the same claims, now styled as a prisoner civil rights action under 42 U.S.C. § 1983.
[5] Id. at 327.

This case should be dismissed as frivolous because plaintiff has no chance of success.  In

Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994), the Supreme Court of the United States

found:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus . . .

Heck at 487 (footnote omitted).  Moreover, the Supreme Court stated that one reason for imposing

such a requirement is to prevent a convicted criminal defendant from collaterally attacking his

criminal conviction through a civil suit. Id. at 484.

Here, the Plaintiff challenges his convictions and seeks monetary damages for the same.

However, the Plaintiff has made no showing that the finding of guilt has been reversed on direct

appeal; expunged by executive order; declared invalid by a tribunal authorized to make such a

determination; or called into question by a federal court's issuance of a writ of habeas corpus.  To

the contrary; it is apparent from the record that the Marshall County Circuit Court's decision was

affirmed by the WVSCA. Accordingly, Plaintiff has no chance of success on the merits and his

claim is frivolous.

**B. Three Strikes Rule**

The Prison Litigation Reform Act (PLRA) of 1995 ("PLRA") provides that a sanction shall

be imposed on those prisoners who repeatedly file meritless lawsuits.[6] The sanction imposed is

that such prisoners lose the right to proceed without prepayment of fees and costs.

---

[6] The statute does not apply to habeas actions. Smith v. Angelone, 111 F.3d 1126, 1131 (4th Cir. 1997) ("[A]pplying the PLRA to habeas actions would have an inequitable result certainly unintended by Congress: a prisoner who filed three groundless civil suits might be barred any access to habeas relief."); see also Martin v. United States, 96 F.3d 853, 855-56 (7th Cir. 1996). Whether a frivolous habeas petition or habeas appeal counts as one of the three strikes under § 1915(g) does not appear to have been addressed by the Fourth Circuit.

> In no event shall a prisoner bring a civil rights action or appeal a judgment in a civil
> action or proceeding under this section if the prisoner has, on 3 or more occasions,
> while incarcerated or detained in any facility, brought an action or appeal in a court
> of the United States that was dismissed on the grounds that it is frivolous, malicious,
> or fails to state a claim upon which relief may be granted, unless the prisoner is
> under imminent danger of serious physical injury.

28 U.S.C. § 1915(g); see also Ashley v. E. Dilworth, CO-1, 147 F.3d 715 (8th Cir. 1998) ("Section 1915(g) denied the installment payment method to those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted ("three strikes").").  Consequently, "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies a prisoner leave to proceed in forma pauperis pursuant to the 3 strikes provision of 1915(g). The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he initiates the suit." Dupree v. Palmer, 284 Fed 3d 1234, 1237 (11th Cir. 2002); see also Finley v. Doe, No. 5:07-CV-00807, 2008 WL 264-5472 (S.D. W.Va.  June 30, 2008) (Johnson, J.).

The undersigned's review of PACER, the nationwide database maintained by the federal courts, indicates that as of the date of entry of this R&R, Plaintiff has one prior civil case that qualifies as a strike under the Three Strike Rule. See Bowman v. Marshall County Commission, *et al.*, Case No. 5:19cv255 (N.D. W.Va. ECF No. 9)(5:19cv255)(order adopting R&R recommending that Plaintiff's complaint be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)).

While the PLRA includes an exception to the section 1915 (g) filing restriction if the prisoner is under imminent danger of serious physical injury, that exception cannot apply in this case. As previously noted, Plaintiff's complaint concerns a challenge to the validity of his convictions, and contains absolutely no allegation that would suggest that he faces any danger at all, let alone imminent danger of serious physical injury.

Accordingly, plaintiff is warned that pursuant to 28 U.S.C. §1915(g) he will not be granted *in forma pauperis* status in the future, if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." The instant case will be the second filed by the Plaintiff in this district to be dismissed as frivolous.

## V.  Recommendation

In consideration of the foregoing, it is recommended that the Plaintiff's complaint [ECF No. 1] be **DISMISSED with prejudice as frivolous**, pursuant to 28 U.S.C. § 1915(e)(2)(B).

Further, the undersigned **RECOMMENDS** that Plaintiff's pending Motion of Joinder [ECF No. 11] be **DENIED as moot**.

**Within fourteen (14) days** after being served with a copy of this Report and Recommendation, the Plaintiff may file with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made. Objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12. A copy of such objections shall also be submitted to the United States District Judge.

**Failure to timely file objections as set forth above will result in waiver of the right to *de novo* review by this Court and a waiver of appellate review by the Circuit Court of Appeals.**  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985);

Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

Further, upon entry of this Report and Recommendation, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

DATED:  October 23, 2019

/s/ *Michael John Aloi*

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE